BYRNES, Judge.
This appeal arises out of an automobile accident on December 6,1975, involving appellant, Ysidro Hernandez, and an automobile owned by appellee, Richard Kernell. The issue presented on appeal is whether or not Hernandez was covered by an insurance policy at the time of the accident.
Suit was instituted by Hernandez, against State Farm Mutual Automobile Insurance Company, (hereinafter refered to as State Farm), for failure to honor the terms of a policy of insurance between the two. State Farm alleged that the policy was not in force at the time of the accident because of non-payment of premium. Before this case could be tried on its merits, Commercial Union Insurance Company, (hereinafter referred to as Commercial Union) and Richard Kernell sued Hernandez for damages arising from the December 6,1975 accident. Hernandez made third party demand against State Farm to defend him as per the policy provisions. State Farm answered and maintained that the policy sued upon was not in force at the time of the accident. The cases were consolidated and tried together. The trial court ruled in favor of State Farm against Hernandez in the first suit and in favor of State Farm, Commercial Union and Kernell against Hernandez in the second suit. From this judgment, petitioner appeals.
An examination of the facts indicates that the due date for the insurance premium was November 19, 1975. On or about October 19, 1975, a renewal notice was sent to Hernandez advising him of the November 19,1975 expiration date. On November 22nd three days after expiration, a letter was sent to Hernandez stating that if he paid the premium within ten days of its receipt which was December 3, 1975, the policy would be re-instated with continuous coverage from November 19, 1975. Mr. Hernandez stated that he mailed a check for the full amount of the premium to State Farm on December 6, 1975. Later that afternoon he was involved in the accident with Kernell. At the trial the envelope containing the premium check was certified by the court to be postmarked December 7, 1975. State Farm reinstated the policy as of December 8, 1975 and mailed a check to Hernandez in the amount of $14.95 said amount being a refund for the unearned premium for the period the policy was out of force.
In cancelling a policy because of nonpayment of premium LSA-R.S. 22:636.1,[1] states that an insurer must give ten days notice to the insured. In the instant case, State Farm complied with this statute.
The insurer mailed the notice to Hernandez’s last known address, 3111 Palmyra *350 Street, New Orleans, Louisiana and the late premium check sent by Hernandez had that address imprinted on it. Hernandez stated in the record that he had moved from the Palmyra Street address, but had failed to notify the insurer. State Farm met the obligation as required by La.R.S. 22:636(B) which states:
“The mailing of any such notice shall be effected upon by depositing it in a sealed envelope, directed to the addressee at his last known address known to the insurer or as shown in the insurer’s records with the proper pre-paid postage affixed, in a letter depository of the United States Post Office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned to by the Post Office upon failure to find, or deliver the mailing to the addressee.”
We find as did the trial court, that there is no real basis to support the violations of the insurance code alleged by appellant and that it was Mr. Hernandez’s lack of prudence which occasioned the termination of coverage between November 19, 1975 and December 7, 1975.
Accordingly we affirm in toto the decision of the trial court.

. (D) No notice of cancellation of policy to which Subsection B of C applies shall be effective unless mailed or delivered by the insurer to the named insured at least twenty days prior to the effective date of cancellation; provided, however, that where cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given. Unless the reason accompanies or is included in the notice of cancellation the notice of cancellation shall state or be accompanied or delivered to the insurer not less than fifteen days prior to the effective date of cancellation, the insurer will specify the reason for such cancellation. The subsection shall not apply to nonrenewal.